UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **GENA F. PARHAM** | **CIVIL ACTION NO. 14-3376** |
| **VERSUS** | **JUDGE ELIZABETH ERNY FOOTE** |
| **NATIONSTAR MORTGAGE, LLC, ET AL** | **MAGISTRATE JUDGE HORNSBY** |

## MEMORANDUM ORDER

After removal from the 26th Judicial District Court of Louisiana, Plaintiff, Gena F. Parham ("Parham"), moved to remand or stay this suit on the alternative bases of the *Rooker-Feldman* Doctrine, the Anti-Injunction Act, *Colorado River* abstention, the Declaratory Judgment Act, and *Brillhard-Wilton* abstention. [Record Document 4-1]. Finding that all of Parham's proffered grounds for remand or a stay were unavailing, the Magistrate Judge issued a Report and Recommendation denying Parham's Motion. [Record Documents 25 and 38]. All parties have filed responses to the Magistrate's Report and Recommendation. [Record Documents 35, 36, and 38]. For the reasons stated herein, the Court adopts the Report and Recommendation in all respects except for its findings regarding *Colorado River* abstention. The Court therefore **ORDERS** a **STAY** of this matter consistent with this Memorandum Order.

**Factual Background**

The following passage from the Magistrate's Report and Recommendation summarizes the relevant facts in this case:

> Plaintiff and her ex-husband were the owners of a lot and house in Haughton, Louisiana. The property was subject to a mortgage in favor of Nationstar [Mortgage, LLC, ("Nationstar")]. Plaintiff alleges that she and her husband, pursuant to the terms of the mortgage, provided Nationstar with notice that they did not reside at the subject property and that all notices and invoices/statements should be directed to them at address(es) in Georgia. Plaintiff further alleges that she notified Nationstar that her mother was living at the mortgaged property.
> Nationstar filed a petition for executory process in the Bossier Parish state court, and a writ of seizure and sale was issued. Plaintiff alleges that Nationstar did not provide her or her ex-husband with any notice of this proceeding at their Georgia address(es). Nationstar asked the court to appoint a curator ad hoc to receive notices in place of the Parhams, and the order that appointed the curator listed separate Georgia addresses for each of the Parhams as their last known addresses. Plaintiff represents that the curator also failed to provide the Parhams notice of the proceedings.
> Plaintiff alleges that Nationstar was simultaneously communicating with her by email about a loan modification program. She states that Nationstar repeatedly advised that her application was submitted and pending, and the lender mislead her into the mistaken belief that the loan modification was due to be granted and would allow her to preserve her equity in the property.
> The property was auctioned at a sheriff's sale in April 2014. Nationstar bought the property, and it deeded the property to Freddie Mac several days later. The clerk of court, presumably at the request of Freddie Mac, later issued a writ of possession that directed the sheriff to compel parties in possession of the property to vacate the premises. Plaintiff apparently learned of the proceedings and filed in the executory process action a "Petition to Annul Sale" that complained she was not served with the petition by personal or domiciliary service or through the appointed curator. She soon amended her petition and asked for and was granted a temporary restraining order against the writ of possession. Nationstar and Freddie Mac responded with a motion to strike and a number of procedural exceptions to Plaintiff asserting her claims within the executory process; Nationstar also asserted substantive defenses such as res judicata.

>Plaintiff then filed a second supplemental petition to annul the sheriff's sale, and she set forth at greater length her allegations that she was not provided adequate notice of the proceedings. She simultaneously filed a stand-alone civil action that was commenced by filing a Petition to Annul Sheriff's Sale and for Damages, which was assigned Case No. 145618. It is the stand-alone case that was removed and is now before this court. The parties report that the state court has yet to act upon the exceptions that were filed within the executory process case that remains in state court.

Record Document 25, pp. 1-3.

Apparently, Parham sought relief in state court both through the initial foreclosure action ("foreclosure action")[1] and the later standalone action ("standalone action")[2] because part of Nationstar's defense against the foreclosure action was that the Louisiana Code of Civil Procedure precluded Parham from asserting many of her claims (such as those for damages) in a foreclosure action, meaning that she would need to file a separate action in order for a state court to entertain those claims. Record Document 4-20, pp. 5-9. Though Parham filed a response disputing this argument, she nonetheless simultaneously filed the standalone suit "out of an abundance of caution" and with the stated intent of seeking consolidation of both actions at a later date. Record Document 4-28, pp. 5-6. There is nothing in the record to indicate that the state court has ruled on Nationstar's procedural defenses.

---

[1] *See Nationstar Mortgage, LLC v. Parham*, No. 143,494 (La. 26th Jud. Dist. Ct. filed Jan. 2, 2013).

[2] *See Parham v. Nationstar Mortgage, LLC*, No. 145,618 (La. 26th Jud. Dist. Ct. filed Oct. 23, 2014).

**Law and Analysis**

The Report and Recommendation found that the *Rooker-Feldman* doctrine, the Anti-Injunction Act, the Declaratory Judgment Act, and *Brillhard-Wilton* abstention all fail to support either remand or a stay of this matter. The Court agrees. The Report and Recommendation also found that *Colorado River* abstention did not justify remand or a stay. Applying the six *Colorado River* factors to this suit, the Magistrate found that three factors (the assumption by either court over a *res*, the relative inconvenience of the forums, and the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction) were neutral, two factors (avoidance of piecemeal litigation and the order in which jurisdiction was obtained) counseled for abstention, and one factor (the presence of federal claims)[3] counseled against abstention. Record Document 25, pp. 5-6. Given the general presumption against surrendering jurisdiction and the extra weight that courts accord to the federal-claims factor, *see Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 26, 103 S. Ct. 927, 942 (1983), the Magistrate determined that under *Colorado River*, the Court should not abstain from adjudicating this matter.

The issue is whether *Colorado River* applies to this suit. Application of the six-factor *Colorado River* test assumes that the Court is dealing with parallel actions. *African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 797-98 (5th Cir. 2014) ("As an initial

---

[3] The disputed question of whether Parham asserted a federal claim by alleging in her complaint that Defendants "violate[d] [her] constitutional rights as well as rights afford by Louisiana law," Record Document 1-1, p. 5, is mooted by the Court's analysis today. The Court therefore assumes, *arguendo*, that Parham alleged federal constitutional claims in her complaint.

step prior to application of the *Colorado River* factors . . . we address whether [the state court action] and AME's federal action are sufficiently parallel to make consideration of abstention proper."). Actions are parallel where they largely involve "the same parties and the same issues." *Id.* (quoting *Exxon Corp. v. St. Paul Fire & Marine Ins. Co.*, 129 F.3d 781, 785 (5th Cir.1997)).

Here, whether the foreclosure action and the standalone action are parallel turns on whether the Louisiana Code of Civil Procedure permits the foreclosure action to serve as the vehicle for adjudicating all of the claims for relief sought by Parham. If it does, then the foreclosure action and the standalone action would involve the same claims and parties,[4] meaning they would constitute parallel actions and this matter would be subject to *Colorado River*. But if it does not, then the foreclosure action and the standalone action would involve different claims, meaning they would not be parallel and this matter would not be subject to *Colorado River*.

Generally, a state court is best suited to answer questions turning on state law. *See Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 588-89 (5th Cir. 1992) ("The federal courts . . . often are not as well equipped for determinations of state law as are state courts."). And in this instance the state court is also the forum at which the parties directed their arguments on this outstanding Louisiana civil procedure question.

---

[4]Though the record does not reveal whether Freddie Mac became a party to the foreclosure action, the Court assumes its status as a party in the foreclosure action because Parham moved to enjoin Freddie Mac in the foreclosure action from evicting the Parhams from the property at issue.

Page 5 of 6

The Court should therefore wait to determine whether *Colorado River* urges abstention in this matter until the state court can assure it that these suits are truly parallel.

Therefore, based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion To Remand, Record Document 4-1, insofar as it seeks a stay of this matter, is **GRANTED IN PART** and, insofar as it seeks to remand this matter, is **DENIED**.

**IT IS FURTHER ORDERED** that this matter is **STAYED** pending a ruling by the 26th Judicial District Court of Louisiana determining whether the Louisiana Code of Civil Procedure authorizes Gena Parham to assert the claims for relief sought in this matter in suit no. 143,494 (the foreclosure action).

**IT IS FURTHER ORDERED** that the parties shall notify the court of the ruling specified above no later than fourteen (14) days from the date of such ruling.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, on this _7th_ day of November, 2015.

---
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE