UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **GENA F. PARHAM** | **CIVIL ACTION NO. 14-3376** |
| **VERSUS** | **JUDGE ELIZABETH ERNY FOOTE** |
| **NATIONSTAR MORTGAGE, LLC, ET AL** | **MAGISTRATE JUDGE HORNSBY** |

### MEMORANDUM RULING

Prompted by a recent decision in a parallel state court proceeding, the Court examines whether it should continue to stay this matter based on <u>Colorado River</u> abstention.  After carefully evaluating the factors relevant to abstention under <u>Colorado River</u>, the Court finds that this matter presents exceptional circumstances that warrant a stay until the parallel state court action is resolved.   In light of the continued stay in this matter, the Defendants' motion to dismiss currently pending before the Court [Record Document 30] is hereby terminated for administrative purposes only.

### I.   Factual & Procedural Background

At the heart of both this matter and the state court action is the contention of the Plaintiff, Gena Parham ("Parham"), that the foreclosure of her property by Defendant Nationstar Mortgage, LLC ("Nationstar"), and its subsequent sale to Defendant Federal Home Loan Mortgage Corp. ("Freddie Mac") should be set aside because she did not receive proper notice of either event under Louisiana law.  In 2014, Nationstar foreclosed on a property owned by Parham and her ex-husband, Brent Parham, by filing a Petition To Enforce Security Interest by Executory Process against the Parhams in the 26th Judicial

District of Louisiana.[1]  Record Document 4-6.  After its attempts to serve process on the Parhams failed, Nationstar personally served the tenant of the property and successfully moved the state court to appoint a curator ad hod to receive service on behalf of the Parhams.  Record Document 25, p. 2.  The state court issued a writ of seizure and sale.  Record Document 25, p. 2.  At the sheriff's sale, Nationstar bought the property through a sheriff's foreclosure deed and then sold it in turn to Freddie Mac through a deed transferring title.  Record Document 25, p. 2.  The clerk of court later issued a writ of possession directing the sheriff to evict any parties possessing the property.  Record Document 4-9.

Some months later, Parham–and Parham alone–filed a petition in the executory proceeding against both Nationstar and Freddie Mac, seeking the state court to annul the sales of the property.  Record Document 4-10.  She also sought a temporary restraining order preventing the sheriff from effecting the writ of possession, which the state court granted.  Record Document 4-16.  The Defendants asserted a number of preliminary defenses to Parham's claims, the most relevant of which being that Parham cannot assert her claims in an executory proceeding and must instead assert them in a separate suit because the use of an executory proceeding under the Louisiana Civil Code of Procedure is limited to the seizure and sale of mortgaged property.  Record Document 4-20.  In response, Parham simultaneously filed two petitions before the state court.  The first was a second supplemental petition in the executory proceeding.  The second was a petition

---

[1] See Nationstar Mortgage, LLC v. Parham, No. 143,494 (La. 26th Jud. Dist. Ct. filed Jan. 2, 2014).

commencing a new, separate action that mirrored the second supplemental petition in the executory proceeding in every respect except that it asserted various state law claims for damages.[2]  Record Document 4-30; Record Document 1-1.  In the latter petition, Parham noted that she intended to consolidate both actions at a later date.  Record Document 1-1, p. 2.

Before she could do so, the Defendants removed the action commenced by Parham to this Court.  The Defendants moved to dismiss the suit under Rule 12(b)(6) based on many of the defenses they asserted in the state court executory proceeding.  For her part, Parham timely moved to remand or stay this suit on the alternative bases of the Rooker-Feldman Doctrine, the Anti-Injunction Act, Colorado River abstention, the Declaratory Judgment Act, and Brillhard-Wilton abstention.  Record Document 4-1.  Magistrate Judge Hornsby issued a Report and Recommendation finding that all of Parham's grounds for remand or a stay were unavailing.  With respect to abstention under Colorado River, the magistrate noted that while its finding "might change as the two cases progress, . . . at this stage there are multiple exceptions and defenses asserted in the state court proceeding that may well result in its dismissal on procedural grounds and remove any concerns about inconsistences."

Based on this last point, the Court ordered a limited stay in this matter until the state court resolved the preliminary defenses before it.  The Court reasoned that until those defense were resolved, the Court could not determine whether or not it was dealing

---

[2]See Parham v. Nationstar Mortgage, LLC, No. 145,618 (La. 26th Jud. Dist. Ct. filed Oct. 23, 2014).

with parallel suits. If the state court were to deny the Defendants' defenses, then the state court action and this matter would be parallel because they would largely involve the same parties and the same issue, thus creating the potential for conflicting rulings. But if the state court were to grant the Defendants' defenses–especially the defense asserting that an executory proceeding is not a proper vehicle for Parham's claims–then the two suits would not be parallel because Parham would be barred from bringing the claims she asserted in this Court in the state court, thereby removing or alleviating any concern of inconsistent rulings. Consequently, the Court ordered a temporary stay in this matter "pending a ruling by the 26th Judicial District Court of Louisiana determining whether the Louisiana Code of Civil Procedure authorizes Gena Parham to assert the claims for relief sought in this matter in suit no. 143,494 (the foreclosure action)." Record Document 39. The Court adopted the magistrate's Report and Recommendation in all other respects.

On May 16, 2016, the 26th Judicial District Court issued an order denying all of the Defendants' defenses, allowing the court to proceed to the merits of all of Parham's claims. Record Document 40. With the nature of the state court action now clarified, the question before the Court is whether it should extend the stay under Colorado River.

**II.  Discussion**

    A. Whether the Suits are Parallel

The Court first observes that this matter and the aforementioned state court action are parallel for the purposes of Colorado River. Before determining whether abstention under Colorado River is warranted, a Court must assure itself that it is dealing with parallel actions. African Methodist Episcopal Church v. Lucien, 756 F.3d 788, 797-98 (5th Cir.

2014). Actions are parallel where they largely involve "the same parties and the same issues." Id. (quoting Exxon Corp. v. St. Paul Fire & Marine Ins. Co., 129 F.3d 781, 785 (5th Cir. 1997)). The Fifth Circuit has noted that this definition does not require "a mincing insistence on precise identity of [parties and issues]." RepublicBank Dallas Nat. Ass'n v. McIntosh, 828 F.2d 1120, 1121 (5th Cir. 1987). While it is true that this matter involves various claims for damages that are not found in the state court action, those claims all turn on whether Parham will be able to vindicate the claims that are found in both actions, namely, Nationstar's alleged failure to notify the Parhams regarding the property's foreclosure and sale. Otherwise, the complaint in this matter and operative petition in the state court action mirror one another verbatim. And the parties are the same in both suits. The actions are therefore parallel for the purposes of Colorado River abstention. The Court therefore moves to determining whether the doctrine warrants abstention of this matter.

    B. Whether Abstention Is Warranted under Colorado River

"Generally, 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction.'" Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976) (quoting McClellan v. Carland, 217 U.S. 268, 282 (1910)). "However, in 'extraordinary and narrow' circumstances, a district court may abstain from exercising jurisdiction over a case when there is a concurrent state proceeding . . . ." Murphy v. Uncle Ben's, Inc., 168 F.3d 734, 737 (5th Cir. 1999). To determine whether the circumstances surrounding parallel state and federal actions are sufficiently exceptional to justify abstention under Colorado River, courts examine six nonexclusive factors:

> 1) assumption by either court of jurisdiction over a res, 2) relative inconvenience of the forums, 3) avoidance of piecemeal litigation, 4) the order in which jurisdiction was obtained by the concurrent forums, 5) to what extent federal law provides the rules of decision on the merits, and 6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction.

Stewart v. W. Heritage Ins. Co., 438 F.3d 488, 491 (5th Cir. 2006) (citing Wilton v. Seven Falls Co., 515 U.S. 277, 285-86 (1995)).  Although these factors guide the Court's inquiry under Colorado River, the ultimate decision of whether to abstain "does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 16 (1983).

    1. Jurisdiction over Property

The first factor favors abstention.  "The preexisting exercise of jurisdiction over a piece of property by the state court clearly favors abstention in a subsequent federal proceeding involving the same property."  Kenner Acquisitions, LLC v. BellSouth Telecomms., Inc., No. CIV.A.06 3927, 2007 WL 625833, at *3 (E.D. La. Feb. 26, 2007). The distinction between in rem and quasi in rem proceedings is irrelevant in the application of this factor.  See id., 2007 WL 625833, at *4.  Moreover, an initial determination by the state court disposing of the property does not counsel against abstention if the plaintiff in the state court action seeks to overturn that disposition.  See id., 2007 WL 625833, at *3-4; King v. Martin, No. CIV.A. 10-1774, 2013 WL 1193678, at *5 (W.D. La. Mar. 22, 2013). Here, the state court asserted jurisdiction over the Parham's property before this suit even existed.  And while the state court has already disposed of the property in favor of the

Defendants, Parham's suit seeks to reverse that disposal. See Kenner Acquisitions, 2007 WL 625833, at *3-4; King, 2013 WL 1193678, at *5. Consequently, the first factor supports abstention.

### 2. Relative Inconvenience of the Forums

The second factor counsels against abstention. Where neither forum is more convenient than the other, abstention is disfavored. See Murphy, 168 F.3d at 738. Because the state court and this Court are located in adjoining parishes, neither forum is more convenient than the other. Consequently, the second factor weighs against abstention.

### 3. Avoidance of Piecemeal Litigation

The third factor weighs heavily in favor of abstention. The concern of the third Colorado River factor is not duplicative litigation per se, but the "danger of inconsistent rulings with respect to a piece of property." Black Sea Inv., Ltd. v. United Heritage Corp., 204 F.3d 647, 650-51 (5th Cir. 2000). The state court has now denied many of the same defenses that the Defendants assert before this Court in their Motion To Dismiss. See Record Document 30. If the Court were to grant the Defendants' motion in whole or part, there would be inconsistent rulings regarding whether or not the sale of the Parhams' property should be rescinded. Thus, already there is a danger that this Court and the state court could issue inconsistent rulings with respect to Parhams' property. This factor therefore strongly favors abstention.

### 4. The Order in which Jurisdiction Was Obtained

The fourth factor also weighs in favor of abstention. The state court asserted

jurisdiction over the Pahams' property first and Parham asserted her claims in state court before the Defendants removed this matter to the Court. This factor therefore supports abstention.

5. The Extent to which Federal Law Provides the Rules for Deciding the Merits of this Case

The fifth factor is neutral. Under Fifth Circuit precedent, this factor is either neutral or weighs against abstention; it generally cannot weigh in favor of abstention. Evanston Ins. Co. v. Jimco, Inc., 844 F.2d 1185, 1193 (5th Cir. 1988). On the one hand, Parham may have asserted a federal claim. She stated in her complaint that "the lack of notice to [the Parhams] violates their constitutional rights as well as rights afforded by Louisiana law and the contract." Record Document 1-1, p. 5. Although Parham later argued that "there is no federal claim," she did so in a brief rather than a pleading. Record Document 24, p. 5. On the other hand, even if the Court were to assume that Parham asserted federal claims, state laws in which Louisiana has an especially strong interest predominate in deciding the merits of Parham's claims. The essence of Parham's claim is that Nationstar violated Louisiana law by deliberately failing to notify the Parhams of the foreclosure and sale of their property. In addition, the state has a strong interest in "providing a procedure for the peaceful resolution of disputes about the possession of [a person's] property." Shaffer v. Heitner, 433 U.S. 186, 207-08 (1977).[3] Federal law will therefore provide few,

---

[3] Indeed, many courts have concluded that the state's interest in adjudicating foreclosure and eviction proceedings is so important that it alone warrants abstention under the Burford abstention doctrine. See Fed. Home Loan Mortgage Corp. v. Dunn, No. 3:14-CV-286-PLR, 2015 WL 1499077, at *2-3 (E.D. Tenn. Mar. 31, 2015) (citing

if any rules for deciding the merits of this case.  Accordingly, this factor is neutral.

### 6. The Adequacy of the State Court in Protecting the Rights of the Defendants

Finally, the sixth factor is neutral.  The sixth factor, like the fifth factor, can be neutral or weigh against abstention, but it cannot support abstention.  Here, there is no evidence to suggest that the state court would not adequately protect the rights of the Defendants.  Accordingly, this factor is neutral.

In sum, the Court finds that of the six factors relevant to determining whether abstention under Colorado River is justified, three weigh in favor abstention, two are neutral, and one weighs against abstention.  Mindful that abstention ultimately does not rest on a "mechanical checklist," Moses H. Cone, 460 U.S. at 16, the Court finds that the state court's assertion of jurisdiction over property and its issuance of a ruling with respect to that property that could conflict with a ruling from this Court regarding the same provide sufficiently exceptional circumstances to overcome the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." Colorado River, 424 U.S. at 817.  Accordingly, Colorado River abstention is warranted in this matter.

### C.  The Presence of Parham's Claims for Damages

Although the Court cannot dismiss or remand a case involving claims for damages based on abstention principles, see Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 731

---

cases).  Although the Court takes no position on whether Burford abstention is warranted in this case, the fact that courts have found that the presence of foreclosure and eviction claims in a suit alone can be enough to warrant abstention suggests that the presence of such claims in this suit overshadows the potential, limited presence of federal claims in this suit.

(1996), it may stay a case based on abstention principles "pending resolution in state court of an issue relevant to the federal case," Begum v. Miner, 2000 WL 554953, at *2 (5th Cir. Apr. 20, 2000) (unpublished). Consequently, the Court continues the stay of this matter until there is a final disposition of Parham's claims in the state court action. The disposition of Parham's claims in the state court action will not be final until the parties have exhausted their appellate remedies.

## IV. Conclusion

For the reasons assigned above:

The stay in this matter is continued until there is a final disposition of all claims in suit number 143,494 currently before the 26th Judicial District Court, Bossier Parish, Louisiana. Such disposition will not be final until all parties have exhausted any appellate remedies available to them.

The Defendants' motion to dismiss currently pending before the Court [Record Document 30] is hereby **TERMINATED** for administrative purposes only.

Within fifteen (15) days from a final disposition in the state court case, the parties must contact the Court to schedule a telephone status conference.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 17th day of August, 2016.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE